IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jamila Grice, on behalf of herself and all others similarly situated, | ) ) ) | Case Action No. 7:20-cv-01948-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER & OPINION** |
| Independent Bank, | ) ) | |
| Defendant. | ) ) ) | |

Before the Court is Defendant Independent Bank's ("Independent" or "Defendant") Motion for Reconsideration (DE 101) of the Court's February 18, 2002, Order (DE 96) denying Independent's Motion for Partial Summary Judgment. For the reasons set forth below, the motion is denied.

This Court considers this motion pursuant to Federal Rule of Civil Procedure 54(b) for an abuse of discretion. Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted). "[A] a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (citations omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." Id. (citations omitted).

Defendant contends "the Court misinterprets and misapplies the Door Closing Statute by failing to recognize that each individual member of the proposed classes must satisfy the statute.

1

It is not enough that the named Plaintiff is a resident of South Carolina or that the subject of her personal action may be situated in South Carolina." (DE 101, p. 8.) Defendant further contends "the Court appears to determine, without any factual analysis or support, that every member of the proposed class has a contract with Independent that was either made or was intended to be performed in South Carolina." Defendant relies on a South Carolina Supreme Court case for the proposition that "the class . . . cannot include members who would not be able to bring the action in their individual capacities under the door-closing statute. . . . [And] § 15-5-150 controls the eligibility of class members in a class action where the defendant is a foreign corporation." Farmer v. Monsanto Corp., 353 S.C. 553, 559, 579 S.E.2d 325, 328 (2003). Furthermore, Defendant relies on two Federal District Court opinions for the proposition that "the Door Closing Statute bars a nationwide class action." (DE 101, p. 7, citing Hart v. Navy Fed. Credit Union, 2021 WL 2418459, at *3, DE 101, p. 12, citing Tomczak v. United Servs. Auto. Ass'n, 2022 WL 1022647, at *1 (D.S.C. Mar. 31, 2022)).

As an initial matter, Defendant's strained interpretation of this Court's Order is specious at best. While Defendant suggests "the Court appears to determine . . . that every member of the proposed class has a contract with Independent that was either made or was intended to be performed in South Carolina[,]" this Court has neither entertained nor decided the same. Rather, this Court has determined that "the Statute does not prevent a nationwide class under the facts and the Court's previous decisions in this case." (DE 96, p. 5, n. 2.) No finding was made that Plaintiff was entitled to class certification. Instead, this Court held:

> Rule 23 does not expressly grant a class representative the right to represent a nationwide class, and Rule 23 is silent on the scope of the prospective class. Instead, Rule 23 permits a member of a class to sue on behalf of that class if certain requirements are met. Similarly, the Door Closing Statute, standing *alone*, does not prevent the Plaintiff from asserting this class action in this Court. As both Parties acknowledge, Plaintiff herself can satisfy the Door Closing Statute and, if

2

> the requirements of Rule 23 are met, she can represent those similarly situated 'when the cause of action shall have arisen *or* the subject of the action shall be situated within this state.' S.C. Code Ann. § 15-5-150.

(DE 96, p. 6, n. 3.) Neither party has offered any evidence to support or refute whether Plaintiff's three separate proposed nationwide classes, whose members *may* include residents from other states, will satisfy Rule 23 (or the Door Closing Statute). Therefore, this Court declined to do so on Defendant's Motion for Partial Summary Judgment. Equally, in applying Farmer, 353 S.C. 553, 579 S.E.2d 325, the Fourth Circuit declined "to decide what effect the reinterpreted door-closing statute has on class membership in suits being heard in South Carolina federal courts sitting in diversity." Ward v. Dixie Nat. Life Ins. Co., 257 F.App'x 620, 628 (4th Cir. 2007). Rather, in Ward, before considering the Door Closing Statute's effect on the class at issue, the Court applied Rule 23, Fed. R. Civ. P., and ultimately limited the class because the plaintiff did not satisfy Rule 23, and therefore, did not reach the Door Closing Statute. This Court's ruling does not preclude the application or result in Ward.

Furthermore, on reconsideration, Defendant offers an additional case in Tomczak, which is non-binding, to support its clear error of law argument. See Tomczak v. United Servs. Auto. Ass'n, 2022 WL 1022647, at *1 (D.S.C. Mar. 31, 2022). Even so, Tomczak relies on Hart, which this Court previously distinguished from the current case. Therefore, no new controlling law has been raised.

Since Defendant fails to demonstrate a clear error of law or manifest injustice, nor has there been a change in controlling law or new evidence to consider since the ruling, there is no basis to reconsider the Court's prior Order. For these reasons, the Court denies Defendant's Motion to Reconsider (DE 101).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2022

4