UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jamila Grice, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Independent Bank,<br><br>    Defendant. | Case No. 7:20-cv-01948-TMC<br><br>**PLAINTIFF JAMILA GRICE'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, TO AMEND AND CERTIFY THE COURT'S MARCH 26, 2024 ORDER FOR INTERLOUCTORY APPEAL PER 28 U.S.C. § 1292(b)**<br><br>**HEARING REQUESTED** |

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff Jamila Grice ("Plaintiff"), through her undersigned attorneys, respectfully moves this Court for reconsideration of that portion of the Court's March 26, 2024 Order (Dkt. No. 172) (the "Order") which granted in part Defendant Independent Bank's ("Independent") motion for summary judgment, barring Plaintiff's breach of contract claim arising from Independent's assessment of overdraft fees on APPSN transactions occurring prior to March 9, 2017. (Dkt. No. 147.) In the alternative, pursuant to 28 U.S.C. § 1292(b), Plaintiff respectfully moves the Court to amend that same portion of its Order to certify it for interlocutory appeal. Plaintiff respectfully requests a hearing in connection with this Motion. In support of this Motion, Plaintiff submits the following Memorandum:[1]

---

[1] Pursuant to Local Civ. Rule 7.04 (D.S.C.), a full explanation of this motion is contained herein, such that a separate memorandum would serve no useful purpose. Pursuant to Local Civ. Rule 7.02 (D.S.C), Plaintiff's counsel consulted with Defendant's counsel, and Defendant opposes the motion.

## SUMMARY OF RELEVANT FACTS

On February 13, 2023, Independent filed a motion for summary judgment wherein it argued, in pertinent part, that Plaintiff has released her current claims against Independent as a result of her membership in a prior settlement class involving Independent which was finally approved in 2018. *See Glaske v. Independent,* No. 323167, 2016 WL 298986, at *1 (Mich. Ct. App. Jan. 21, 2016) (hereinafter referred to as the "*Glaske* Settlement"). (Dkt. No. 147.)

On February 27, 2023, Plaintiff filed her opposition and argued that class action settlement releases are governed by the doctrine of preclusion, and not the release language in the *Glaske* Settlement. (Dkt. No. 153.) Specifically, Plaintiff argued that releases contained in settlements should not be given preclusive effect unless the released conduct arises out of the "identical factual predicate" as the instant claims. *Id.* And because the *Glaske* Settlement involved an entirely separate theory of liability relating to Independent's use of a scheme to increase overdraft fees on checking accounts by manipulating posting of checking account transactions from highest to lowest—which is not at issue in this case—the *Glaske* release does not bar Plaintiff's claims. *Id.*

On March 26, 2024, this Court held that under Michigan contract law, the language of the release in the *Glaske* Settlement effectively released Plaintiff's breach of contract claim based on the theory involving Independent's assessment of overdraft fees on APPSN transactions. Order at 20. This Court further held that the release language in the *Glaske* Settlement did not encompass future conduct, such that it only barred Plaintiff from asserting these claims based on conduct occurring prior to March 9, 2017. *Id.* at 22.

Subsequent to the Parties' briefing on Independent's motion for summary judgment, but just before this Court issued its Order, the Fourth Circuit issued a decision wherein it applied the "identical factual predicate" doctrine in lieu of the express language in a class action settlement

release to permit a subsequent action to proceed brought by a member who failed to opt out of that previous class action settlement. *See In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. and Prods. Liability Litig.,* 91 F.4th 174 (4th Cir. 2024).

I. **MOTION FOR RECONSIDERATION**

**STANDARD OF REVIEW**

Rule 54(b) grants a district court discretion to revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities" in the action. Fed. R. Civ. P. 54(b). District courts "may revise an interlocutory order" where there is "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Scientific Corp.,* 856 F.3d 320, 325 (4th Cir. 2017).[2] "Compared to motions for reconsider *final* judgments pursuant to Rule 59(e) . . ., Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *Id.* at 325.

**ARGUMENT**

Plaintiff respectfully requests that the Court grant reconsideration of its Order based on new controlling precedent in which the Fourth Circuit applied the "identical factual predicate" doctrine in lieu of the express terms of a settlement agreement's release to hold that a subsequent action brought by a class member who failed to opt out of the previous class action could proceed where her claims did not arise out of the identical factual predicate. *See In re Lumber Liquidators,* 91 F.4th at 184.

In *Lumber Liquidators,* the plaintiff brought a wrongful death action in an Illinois state court alleging that the decedent's death was proximately caused by exposure to defendant's

---

[2] Unless otherwise stated, all internal quotation marks, alterations, and citations are omitted.

flooring product which contained excess levels of formaldehyde. *Id.* at 176. After the action was removed and transferred, the district court dismissed it on the ground that it was barred by a settlement release reached in a two multidistrict litigation ("MDL") actions which alleged consumer protection claims regarding the marketing and sale of defendant's flooring products which allegedly contained illegal and unsafe levels of formaldehyde and of which the deceased was a class member and failed to opt out. *Id.* at 177. In pertinent part, the settlement agreement reached in the MDL actions specifically released defendant from "***[a]ny and all claims***…that have been, could have been, or in the future can or might be asserted in any court…(including but not limited to any…personal injury claim)…***related to Chinese-manufactured laminate flooring sold by [LL Flooring]***." *Id.* at 178 (emphasis added). The district court held that plaintiff's "wrongful death lawsuit was settled and reduced to judgment because all claims against LL Flooring regarding its defective laminate flooring were covered by the Settlement Agreement." *Id.* at 182. Plaintiff appealed. *Id.*

In vacating and remanding the district court's order, the Fourth Circuit held that despite the broadly drafted settlement release, the "identical factual predicate" doctrine controls the scope of the claims it settles. *Id.* at 184. In so holding, the Fourth Circuit relied upon the Ninth Circuit and Second Circuit decisions previously cited by Ms. Grice that "have recognized that the identical factual predicate doctrine can apply after a settlement has been approved." *Id.* at 182-184. As such, because "the scope of the class claims and ***the facts underlying the class complaints*** conclusively show that the Settlement Agreement did not settle claims premised on bodily injury or wrongful death," but rather, upon the defendant's deceptive sales and marketing of those products, plaintiff's wrongful death claims could not be given preclusive effect by the settlement release. *Id.* at 184-85

4

(emphasis added). This finding was bolstered by the fact that the settlement class representatives made clear that they did not seek personal injury damages on a class-wide basis. *Id.* at 185.

Applying the Fourth Circuit's holding in *Lumber Liquidators* to this case, this Court's reliance on the doctrine of release to bar Plaintiff's class claims for overdraft fees assessed on APPSN transactions occurring before March 9, 2017, was mistaken. Accordingly, Plaintiff respectfully requests the Court reconsider its Order in light of the Fourth Circuit's new decision in *Lumber Liquidators* and find that the "identical factual predicate" doctrine is the governing test, and hold that Plaintiff's class claims under this distinct factual theory of liability are not barred by the release in the *Glaske* Settlement.

## II. IN THE ALTERNATIVE, MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL

### STANDARD FOR CERTIFICATION

A district court may certify an order to the Court of Appeals for interlocutory review where such (1) an "order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Capitol Credit Plan, Inc. v. Shaffer,* 912 F.2d 749, 751 (4th Cir. 1990). Whether to certify an order for interlocutory appeal is within the Court's discretion. *Id.* Plaintiff respectfully requests that the Court amend and certify its March 26, 2024 Order for interlocutory appeal as to its ruling that granted Independent's motion for summary judgment in part because the Order satisfies all three prerequisites set forth in § 1292(b).

### ARGUMENT

Plaintiff requests that the Court amend its Order and certify the following question to the Fourth Circuit: Whether the "identical factual predicate" doctrine supersedes the doctrine of

5

release in determining whether a subsequent class action suit will be given preclusive effect by a settlement judgment reached in the former?

I. **WHETHER THE "IDENTICAL FACTUAL PREDICATE" DOCTRINE CONTROLS IN RESOLVING WHETHER A SUBSEQUENT CLASS ACTION SUIT IS BARRED IS A CONTROLLING QUESTION OF LAW.**

As to the first element, a controlling question of law has been described as a "pure question of law," or one that is "an abstract legal issue that the court of appeals can decide quickly and cleanly" and "without having to delve beyond the surface of the record in order to determine the facts." *United States ex rel. Michaels v. Agape Senior Community, Inc.,* 848 F.3d 330, 340 (4th Cir. 2017).

This element is easily satisfied because the issue of whether the "identical factual predicate" doctrine supersedes the doctrine of release in determining whether a subsequent class action suit will be given preclusive effect by a settlement judgment reached in the former is a pure legal question that can be decided without the need for any factual application. Indeed, the specific facts in this case are not dispositive to the question at issue because the Court will need only resolve the interplay between two competing legal doctrines in the class action settlement context.

II. **SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS FOR WHETHER THE COURT SHOULD APPLY THE "IDENTICAL FACTUAL PREDICATE" DOCTRINE IN PERMITTING PLAINTIFF'S CLAIMS TO PROCEED DESPITE THE *GLASKE* SETTLEMENT.**

As to the second element, "courts have traditionally found that a substantial ground for difference of opinion exists where . . . the court of appeals of the circuit has not spoken on the point. . . or if novel and difficult questions of first impression are presented." *Hencely v. Fluor Corp.,* No. 6:19-CV-00489-BHH, 2020 WL 5269795, at *4 (D.S.C. Sept. 4, 2020). Although the Fourth Circuit just recently applied the "identical factual predicate" doctrine to allow subsequent claims to proceed that would have otherwise been barred by the doctrine of release in a previous

6

class action settlement, this is still a novel and nuanced issue of which there may be grounds for differences of opinion as applied to this case, where the *Glaske* Settlement was approved in state court under Michigan law, but is now being enforced in federal court. As such, certification of this discrete legal issue for interlocutory appeal is justified.

### III. IMMEDIATE APPEAL MAY MATERIALLY ADVANCE ULTIMATE TERMINATION OF THE LITIGATION.

Lastly, an immediate appeal of this legal issue would materially advance the termination of the litigation because the Fourth Circuit's answer to this question will either advance the litigation to trial on a class-wide basis for those putative class members who were assessed overdraft fees on APPSN transactions occurring before March 9, 2017, or will require Plaintiff to proceed with those putative class members' claims in an alternative forum.

### CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court reconsider its Order and hold that the identical factual predicate doctrine governs, and not the release language in the *Glaske* Settlement, such that Plaintiff's breach of contract claim arising from Independent's assessment of overdraft fees on APPSN transactions occurring prior to March 9, 2017 survives summary judgment and may proceed accordingly. In the alternative, Plaintiff requests that the Court amend and certify this issue in its March 26, 2024 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) by including the following language:

> This Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of this litigation.

Dated: April 5, 2024

/s/ *David M. Wilkerson*
David M. Wilkerson
Federal ID No. 7188
The Van Winkle Law Firm
11 N. Market Street
Asheville, North Carolina
28801 (828)258-299 (phone)
(828)257-2767 (fax)
dwilkerson@vwlawfirm.com

Jeffrey D. Kaliel (admitted *pro hac vice*)
Sophia Goren Gold (admitted *pro hac vice*)
KALIEL GOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
(202) 500-4783 (phone)
jkaliel@kalielpllc.com
sgold@kalielgold.com

Taras Peter Kick (admitted *pro hac vice*)
Tyler Dosaj (admitted *pro hac vice*)
The Kick Law Firm APC
815 Moraga Drive
Los Angeles, CA
90049 310-395-2988
taras@kicklawfirm.com
tyler@kicklawfirm.com

*Attorneys for Plaintiff and the Putative* Class

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on April 5, 2024 via CM/ECF.

/s/ David M. Wilkerson
DAVID M. WILKERSON